IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOSHUA AND RACHEL ARELLANO,

    Plaintiffs,

v.

AMERICAN HOME MORTGAGE
SERVICING, INC., et al.,

    Defendants.

No. C 09-05103 JSW

**ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT AND REMANDING CASE**

Now before the Court is the motion to dismiss Plaintiffs' second amended complaint filed by defendants American Home Mortgage Servicing, Inc. ("AHMSI") and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively "Defendants"). The Court finds the motion suitable for resolution without oral argument. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing date of June 11, 2010 is HEREBY VACATED. Having considered the parties' papers, the relevant legal authority, and the record in this case, the Court GRANTS IN PART Defendants' motion to dismiss the federal claims and REMANDS the case to Contra Costa County Superior Court.[1]

**BACKGROUND**

This action arises out of the sale of real property located at 3020 Torre Ramal Drive, Oakley, California 94707. On August 20, 2009, Plaintiffs filed the instant action against American Brokers Conduit ("ABC"), AHMSI and MERS in the Superior Court for the State of

---

[1] The Court DENIES Defendants' request for judicial notice because the Court did not need to consider the request in order to resolve the motion to dismiss.

California, County of Contra Costa. Plaintiffs allege that ABC, AHMSI and MERS violated the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedure Act, 12 U.S.C. § 2605 ("RESPA"), along with several state law claims. On October 27, 2009, Defendants removed the action to this Court. Plaintiffs filed their first amended complaint ("FAC") on December 15, 2009. On December 29, 2009, AHMSI and MERS moved to dismiss Plaintiffs' claims asserted against them for failure to state a claim upon which relief could be granted. On February 22, 2010, this Court denied in part and granted in part Defendants' motion to dismiss, dismissing the claims under TILA without leave to amend and dismissing the claims under RESPA with leave to amend. The Court found that Plaintiffs failed to allege sufficient facts to indicate that a letter they sent to AHMSI qualified as a Qualified Written Request ("QWR") as defined by the statute. The Court also found that Plaintiffs had failed to allege that they suffered any harm as a result of AHMSI's alleged failure to respond to the purported QWR, or as a result of any other alleged RESPA violation. On March 24, 2010, Plaintiffs filed their second amended complaint and Defendants filed the present motion to dismiss on April 19, 2010.

The Court will address additional facts as necessary in the remainder of this order.

**ANALYSIS**

**A.   Legal Standard on Motion to Dismiss.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir. 1986). The court, however, is not required to accept legal conclusions cast in the form of factual allegations, if those conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). Conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim upon which relief may be granted. *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), a plaintiff must do more than recite the elements of the claim and must

"provide the grounds of [its] entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citations omitted). The pleading must not merely allege conduct that is conceivable. Rather, plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

**B.     Defendants' Motion to Dismiss Remaining Federal Claim.**

Again, in moving to dismiss Plaintiffs' second amended complaint, Defendants argue that Plaintiffs' claim under RESPA fails because Plaintiffs failed to send a valid QWR that inquired into their account balance or otherwise asked about the servicing of their mortgage. RESPA requires a loan servicer to respond to a QWR from a borrower or a borrower's agent "for information relating to the servicing of [the] loan." *See* 12 U.S.C. § 2605(e)(1)(A). The statute defines servicing as "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, ... and making the payments of principle and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." *See* 12 U.S.C. § 2605(i)(3).

Plaintiffs allege that they served AHMSI with a QWR and attach the letter dated June 24, 2009 to the second amended complaint. Although there is some mention of servicing in the content of the letter, Plaintiffs still fail to allege facts demonstrating that their letter qualifies as a QWR as defined by the statute. Also, although the letter attached to the complaint references servicing in passing and Plaintiffs' names and loan number are identified, Plaintiffs' requests and claims in their complaint are not related to the servicing of the loan, but rather more generally to the allegations of predatory schemes in the mortgage industry. (Second Amended Complaint ("SAC"), Ex. A.) Therefore, the Court finds that Plaintiffs have not alleged sufficient facts to state a claim under RESPA. *See Consumer Solutions REO, LLC v. Hillery,* 658 F. Supp. 2d 1002, 1014 (N.D. Cal. 2009) (dismissing RESPA claim because the plaintiff's letter "simply disputed the validity of the loan and not its servicing"); *see also Keen v. American Home Mortg. Servicing, Inc.,* 664 F. Supp. 2d. 1086, 1096-97 (E.D. Cal. 2009); *MorEquity, Inc. v. Naeem,* 118 F. Supp. 2d 885, 900-01 (N.D. Ill. 2000) (dismissing RESPA claim where "[t]he counterclaim alleges [that the request alleged] a forged deed, and

irregularities with respect to the recoding of the two loans, but [made] no claim with respect to improper servicing").

Additionally, the Court finds Plaintiffs' purported claim for damages implausible. Having been given leave to amend to allege facts supporting any damages incurred for violation of RESPA, Plaintiffs now allege that, as a result of AHMSI's alleged failure to respond substantively to the purported QWR, they suffered harm because Plaintiff Joshua Arellano's credit rating declined, resulting in lost construction contract income. (SAC at ¶¶ 76-77.) Plaintiffs allege that had AMHSI timely responded to their QWR with information about their account, Joshua Arellano "could have taken action much sooner and more effectively to restore his credit rating, including, inter alia, filing this action at an earlier date." (*Id.* at ¶ 76.) The date of the purported QWR is June 24, 2009. Plaintiffs' original complaint was filed on August 20, 2009, less than the 60-day statutory period required for a substantive response. *See* 12 U.S.C. § 2605(e)(2). The lack of damages is fatal to Plaintiffs' RESPA claim. *See Allen v. United Financial Mortg. Corp.*, 660 F. Supp. 2d 1089, 1097 (N.D. Cal. 2009) (dismissing RESPA claim based on the plaintiff's failure to allege any pecuniary loss attributable to the alleged RESPA violation). RESPA provides that anyone who violates RESPA shall be liable for actual damages to an individual who brings an action. *See* 12 U.S.C. § 2605(f)(1). "Although this section does not explicitly set this out as a pleading standard, a number of courts have read the statute as requiring a showing of pecuniary damages in order to state a claim." *Allen*, 660 F. Supp. 2d at 1097 (citing *Hutchinson v. Del. Sav. Bank FSB,* 410 F. Supp. 2d 374, 383 (D.N.J. 2006) (stating that "alleging a breach of RESPA duties alone does not state a claim under RESPA. Plaintiff must, at a minimum, also allege that the breach resulted in actual damages.")); *see also Pok v. American Home Mortg. Servicing, Inc.*, 2010 WL 476674, *5 (E.D. Cal. Feb. 3, 2010) (dismissing RESPA claim based on the plaintiff's failure to allege any facts to show that the defendant's alleged RESPA violation resulted in pecuniary damages); *Singh v. Wash. Mut. Bank*, 2009 WL 2588885, *5 (N.D. Cal. Aug. 19, 2009) (dismissing RESPA claim because, "[i]n particular, plaintiffs have failed to allege any facts in support of their conclusory allegation that as a result of defendants' failure to respond, defendants are

4

liable for actual damages, costs, and attorney fees") (quotation marks and citation omitted); *Shepherd v. Am. Home Mortg. Servs., Inc.,* 2009 WL 4505925, *3-4 (E.D. Cal. Nov. 20, 2009); *Reynoso v. Paul Fin., LLC,* 2009 WL 3833298, *7 (N.D. Cal. Nov.16, 2009); *Llaban v. Carrington Mortg. Servs., LLC,* 2009 WL 2870154, *4 (S.D. Cal. Sept. 3, 2009). Accordingly, the Court dismisses Plaintiffs' RESPA claim.

**C.    Remand to State Court is the Proper Recourse.**

The only claim in Plaintiffs' second amended complaint that arises under federal law is the third cause of action for violations of RESPA. Having determined that Plaintiffs have not stated a claim under federal law, the only remaining claims are their claims arising under state law. A district court may decline to exercise supplemental jurisdiction in a case arising from a common nucleus of operative fact where, inter alia, it has dismissed the federal claims. 28 U.S.C. § 1367(c)(3). In order to make this determination, courts should consider factors such as "economy, convenience, fairness, and comity." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (internal quotations and citations omitted). When "federal-law claims are eliminated before trial, the balance of factors to be considered ... will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988), *superseded by statute*, 28 U.S.C. § 1447(c).

In this case, it would be equally convenient for the parties to try the remaining claims in state court, where this case originated. Further, the case remains in the early stages of litigation and, thus, the Court has expended minimal resources in supervising this case. *See Trustees of the Construction Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 926 (9th Cir. 2003) (finding an abuse of discretion where the district court ordered a dismissal of state law claims just seven days before trial and after long delays). The Court concludes that principles of comity, convenience, and judicial economy weigh against retaining supplemental jurisdiction in this case and, therefore, it shall remand this case to the Contra Costa Superior Court. Accordingly, the remainder of Defendants' motion to dismiss the state claims is denied as moot and without prejudice to renewing that motion in state court.

5

**CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss is GRANTED IN PART and this matter is REMANDED to Contra Costa County Superior Court.

**IT IS SO ORDERED.**

Dated: June 4, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE